## Walker, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Street railways—Collision between car and wagon.*

In an action against a street railway company to recover damages for injuries to a horse and wagon sustained in a collision with one of defendant's cars, a nonsuit is properly entered where there is no evidence that the car was running at an excessive rate of speed, nor that the motorman saw the plaintiff's horse or wagon, nor any proof to show the position of the wagon or how the accident happened on a dark night.

Argued Dec. 9, 1912. Appeal, No. 248, Oct. T., 1912, by plaintiff, from order of C. P. No. 3, Phila. Co., March Term, 1911, No. 4,730, refusing to take off nonsuit in case of Clarence D. Walker v. Philadelphia Rapid Transit Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages to a horse and wagon. Before FERGUSON, J.

The facts are stated in the opinion of the Superior Court.

At the trial the court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Clinton Rogers Woodruff* and *Hubert J. Horan, Jr.,* for appellant.—The evidence showed negligence on the part of defendant: Tucker v. Ry. Co., 227 Pa. 66; Davis v.

Electric Ry. Co., 25 Pa. Superior Ct. 444; Schnurr v. Traction Co., 153 Pa. 29; Allen v. Willard, 57 Pa. 374; Catawissa R. R. Co. v. Armstrong, 52 Pa. 282.

The evidence showed that such negligence contributed to the accident: Tucker v. Ry. Co., 227 Pa. 66; Madden v. R. R. Co., 236 Pa. 104; Ferry v. Transit Co., 232 Pa. 403; Lehner v. Rys. Co., 223 Pa. 208.

There was contributory negligence on the part of the plaintiff: Longenecker v. R. R. Co., 105 Pa. 328; Bollinger v. Sand Co., 232 Pa. 636; Bucklin v. Davidson, 155 Pa. 362.

*William M. Stewart, Jr.,* for appellee.—The plaintiff failed to show any negligence on the part of the company: Wagner v. Traction Co., 212 Pa. 132; Mixter v. Coal Co., 152 Pa. 395; Jones v. Scranton Coal Co., 211 Pa. 577; Kochesperger v. Transit Co., 217 Pa. 320.

No inference that defendant's negligence was the cause of the accident can be based upon a prior inference that there was such negligence: Phila. City Passenger Railway Co. v. Henrice, 92 Pa. 431; McAleer v. McMurray, 58 Pa. 126; Tanner v. Hughes, 53 Pa. 289; Douglass v. Mitchell, 35 Pa. 440.

Where the cause and manner of the accident are merely conjectural the court must enter a nonsuit: Cawley v. B. & O. R. R. Co., 44 Pa. Superior Ct. 340; Stringert v. Ross Twp., 179 Pa. 614; Laven v. Moore, 211 Pa. 245; Kelly v. Union Traction Co., 211 Pa. 456.

Opinion by Morrison, J., March 6, 1913:

This is an action of trespass for the recovery of damages to the plaintiff's horse and wagon by the alleged negligence of the defendant. At the close of the plaintiff's testimony the learned trial judge entered a compulsory nonsuit for the reason, as stated by him, "That there is no evidence that the collision between the wagon and the car resulted from the negligence of the motorman of the car.

"The car is restricted to the track, and the streets and highways are open to people who drive wagons, and they can drive their wagons wherever they please. If there is carelessness on the part of the driver of the wagon you can easily see that it would be possible for him to drive his wagon into the car or turn it into the track immediately in front of the car, so that it would be impossible for the motorman to avoid an accident.

"What happened in this case we do not know. There is no evidence on which you could base any definite finding. . . . The facts which you would necessarily have to know in order to ascertain who was responsible for the bump would be the facts immediately before the bump, that is, as to how the wagon and the car came into collision and whose fault it was. Was it the fault of the motorman or the fault of the driver of the wagon?"

A careful examination of the evidence, on the part of the plaintiff, leads us all to the conclusion that it utterly fails to show such acts of negligence on the part of the persons in charge of the car as would support a verdict in favor of the plaintiff. Two witnesses testified as to the speed of the car, one of whom said the car was going "at an average rate of speed for a trolley car," and the other testified that it was not going very fast. The learned counsel for appellant say in their argument that the car was moving rapidly—going "with the speed of an express train," and this is based upon the testimony of one of the two witnesses who, after saying the car was running about the usual rate of speed, then said: "If they traveled ninety miles an hour as they always do." Defendant's counsel objected and moved that the answer of witness be stricken out. "Q. What did you say? Ninety miles an hour? A. It is down grade, and they just fly along like an express train. Q. We are not interested in knowing what happens on other occasions. You told us it was going at an average rate of speed for a trolley car? A. Yes, exactly." This is absolutely all there is in the case upon which to base the argument that

the car was going at the speed of an express train, or that it was going faster than the ordinary speed of a trolley car. In our opinion, taking all of the plaintiff's testimony in regard to the speed of the car, there was not sufficient evidence to justify the court in permitting the jury to find that there was negligence as to the speed of the car.

While it is true, as we said in Davis v. Electric Ry. Co., 25 Pa. Superior Ct. 444, that the motorman was bound to use every reasonable effort to avoid a collision, yet in the present case there is no evidence that the car was running at an excessive rate of speed, nor that the motorman saw the plaintiff's horse or wagon, nor is there any evidence as to how the accident happened. The plaintiff's horse and wagon may have been standing too near the track, or it may have been driven upon the track immediately in front of the car, but, as we have already said, the evidence is silent as to how the accident occurred, on a dark January morning at about four o'clock, as proved by plaintiff, and therefore to have submitted the case to the jury would have called for a mere guess as to whether the persons in charge of the car were guilty of negligence.

The assignments of error are dismissed and the judgment is affirmed.